UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| PATRICIA G., § § Plaintiff, § § v. § § COMMISSIONER OF SOCIAL SECURITY, § § Defendant. § | Case # 1:21-cv-658-DB MEMORANDUM DECISION AND ORDER |

## **INTRODUCTION**

Plaintiff Patricia G. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 29).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 12, 13. Plaintiff also filed a reply brief. *See* ECF No. 20. Thereafter, on September 7, 2023, Plaintiff filed a motion to consider new evidence (ECF No. 23), to which the Commissioner filed a response (ECF No. 26), and Plaintiff filed a reply (ECF No. 27). For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 12) is **GRANTED**, the Commissioner's motion for judgment on the pleadings (ECF No. 13) is **DENIED**, Plaintiff's motion to consider new evidence (ECF No. 23) is **DENIED AS MOOT**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

**BACKGROUND**

Plaintiff protectively filed her application for DIB on December 13, 2018, alleging disability beginning December 1, 2018, (the disability onset date), due to multiple physical impairments. Transcript ("Tr.") 15, 185-87, 207. The claim was denied initially on March 5, 2019 (Tr. 98-109), and again upon reconsideration on June 12, 2019 (Tr. 111-22), after which Plaintiff requested an administrative hearing. Tr. 12. On May 14, 2020, Administrative Law Judge Timothy M. McGuan ("the ALJ") conducted a telephonic hearing.[1] *Id*. Plaintiff appeared and testified at the hearing and was represented by Matthew F. Nutting, a non-attorney representative. *Id*. Christina Boardman, an impartial vocational expert, also appeared and testified. *Id*.

The ALJ issued an unfavorable decision on June 9, 2020, finding that Plaintiff was not disabled. Tr. 12-30. On March 26, 2021, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's June 9, 2020 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

**LEGAL STANDARD**

**I.   District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 12.

omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the

Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his June 9, 2020 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since December 1, 2018, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: osteoarthritis of both knees status post bilateral knee surgery; bursitis of the right hip with mild degenerative joint disease of the bilateral hips; sciatica and lumbar spine disc protrusions and stenosis with lumbago; and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)[2] except she would have to avoid concentrated exposure to pollens and other respiratory irritants. The claimant could occasionally stoop, squat, crouch, kneel, and climb ramps and stairs; however, she can never climb ladders, ropes, or scaffolds. Further, the claimant requires the use of a cane for ambulation.

6. The claimant is capable of performing past relevant work as a help desk representative. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2018, through the date of this decision (20 CFR 404.1520(f)).

---

[2] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally, and other sedentary criteria are met.

Tr. 12-30.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on December 13, 2018, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 30.

## **ANALYSIS**

Plaintiff asserts a single point of error. Plaintiff argues that the ALJ rejected the opinion evidence regarding Plaintiff's physical limitations and improperly relied on his own lay interpretation of raw medical findings to determine Plaintiff's RFC. *See* ECF No. 12-1 at 16-26. Relatedly, Plaintiff argues that because certain medical opinions became stale, an evidentiary gap was created in the record. *See id*.

In response, the Commissioner argues that the ALJ properly considered the entire record, including the medical opinions, and his RFC finding was supported by substantial evidence. *See* ECF No. 13-1 at 10-22. Furthermore, argues the Commissioner, there are no gaps in the record, and the ALJ based his decision on a properly developed record. *See id*. at 22-24.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Plaintiff contends that several of the medical opinions upon which the ALJ relied were rendered stale by later medical evidence, including evidence that her bilateral knee condition deteriorated and became significantly worse requiring two subsequent surgeries. *See generally* ECF No. 12-1 at 16-26. Upon review, the Court finds merit to Plaintiff's argument that the ALJ's

5

RFC finding was based on stale opinion evidence, as well as based on an incomplete medical record.

"A stale medical opinion, like one that is rendered before a surgery, is not substantial evidence to support an ALJ's finding." *Pagano v. Comm'r of Soc. Sec.*, No. 16-CV-6537-FPG, 2017 WL 4276653, at *5 (W.D.N.Y. Sept. 27, 2017) (citing *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 Fed. Appx. 25 (2d Cir. 2016) (citation omitted); *see also Girolamo v. Colvin*, No. 13-CV-06309 (MAT), 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, No. 10 CV 5831(RJD), 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition").

In this case, the ALJ found "persuasive" the opinions of state agency review physicians J. Poss, M.D. ("Dr. Poss"), and V. Baronos, M.D. ("Dr. Baronos"), rendered in March 2019 and May 2019, respectively. Tr. 28, 75-78; 88-89; 332-35. Dr. Poss and Dr. Baronos both opined that Plaintiff could perform sedentary work with additional postural limitations. The ALJ also found "persuasive" the February 2019 opinion of consultative examiner John Schwab, D.O. ("Dr. Schwab"), who opined that that Plaintiff had a marked restriction with prolonged walking and climbing stairs and ladders. Thereafter, on May 22, 2019, orthopedic surgeon Kafai Lai, M.D. ("Dr. Lai"), performed a left total knee revision with polyethylene liner exchange. Tr. 674. Although the ALJ noted that Plaintiff had right knee revision surgery on February 25, 2020, the record contains no medical reports from that surgery. Tr. 22-23, 969.

On April 3, 2020, Dr. Lai opined that Plaintiff could sit for six hours, stand and walk for less than two hours, and lift and carry ten pounds rarely in an eight-hour workday. Tr. 922-23. The

6

ALJ found this portion of Dr. Lai's opinion "persuasive." Tr. 28. In addition, Dr. Lai opined that Plaintiff would need to take unscheduled breaks every 30 minutes for 10 minutes during an eight-hour workday; she would be absent more than four days per month; and her symptoms would frequently interfere with her attention and concentration. Tr. 923-24. The ALJ found this portion of Dr. Lai's opinion "unpersuasive." Tr. 29. Plaintiff contends that the ALJ improperly rejected the limitations opined by Dr. Lai in favor of the "uninformed and stale opinions" of Drs. Schwab, Poss, and Baronos. *See* ECF No. 23 at 3. Accordingly, argues Plaintiff, the ALJ improperly relied on his own lay person's reading of the objective medical findings, diagnostic testing, and postsurgical records in formulating his RFC finding, thereby creating a gap in the record. *See id*.

Although the RFC determination is reserved for the commissioner, *see* 20 C.F.R. §§ 404.1527(e)(2) and 416.927(e)(2), "an ALJ's RFC assessment is a medical determination that must be based on probative medical evidence of record . . . . Accordingly, an ALJ may not substitute his own judgment for competent medical opinion." *Dailey v. Astrue*, No. 09CV-0099 A M, 2010 WL 4703599, at *10 (W.D.N.Y. Oct. 26, 2010), *report and recommendation adopted*, No. 09-CV-99A, 2010 WL 4703591 (W.D.N.Y. Nov. 19, 2010) (citing *Lewis v. Comm'r of Soc. Sec.*, No. 6:00 CV 1225 GLS, 2005 WL 1899399, at *1 (N.D.N.Y. Aug. 2, 2005)); *see also Goldthrite v. Astrue*, 535 F.Supp.2d. 329, 339 (W.D.N.Y.2008) (Telesca, J.) ("An ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.1998).

Here, the record does not clearly indicate the extent to which Plaintiff experienced improvement after her additional knee surgeries. As noted above, Dr. Poss and Dr. Baronos reviewed Plaintiff's file prior to her left total knee revision in May 2019 and her right knee revision in February 2020, and therefore, their findings are based on an incomplete record. Upon review of the ALJ's decision, the Court finds that the ALJ interpreted the objective medical evidence

7

subsequent to the file review by Dr. Poss and Dr. Baronos in formulating his RFC finding, *See* Tr. 27. Thus, the RFC appears to be based on the ALJ's lay analysis of Plaintiff's postsurgical diagnostic and clinical findings.

Furthermore, as Plaintiff points out, the record did not even contain the records relating to her right knee revision surgery in February 2020. *See id*. Where there are obvious gaps or where the ALJ does not possess a complete medical history, the ALJ is under an obligation to seek additional information. *Rosa*, 168 F.3d at 79. In the absence of these reports, it is difficult to determine what evidence informed the ALJ's assessment of Plaintiff's ability to stand, walk, sit, lift, and carry in an eight-hour workday. Based on the foregoing, the Court is unable to determine whether the ALJ's RFC was supported by substantial evidence. Accordingly, remand is warranted. *See, e.g.*, *Starr v. Saul*, No. 18-CV-241, 2019 WL 3997318, at *3 (W.D.N.Y. Aug. 23, 2019) (remand where the ALJ failed to explain or connect "any treatment records to the RFC").

Without "some explanation" from the ALJ "as to the tether between [the] RFC and the non-stale medical opinions or statements from [the claimant], the RFC [is] based upon [the ALJ's] lay analysis of [the claimant's] limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018); *see Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *10 (W.D.N.Y. Dec. 17, 2019); *see also Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 Fed. Appx. 25 (2d Cir. 2016) ("[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding.") (quotation and citation marks omitted).

Accordingly, remand of this matter for further administrative proceedings is required. *See Martin v. Berryhill*, No. 16-CV-6184-FPG, 2017 WL 1313837, at *1 (W.D.N.Y. Apr. 10, 2017)2017 WL 1313837, at *4 ("There were many avenues available to the ALJ to fill the gap in

the record . . . ") (citing *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) ). On remand, the Commissioner "should employ whichever of these methods are appropriate to fully develop the record as to [Plaintiff's] RFC." *Martin*, 2017 WL 1313837, at *4.

Because the Court has already determined, for the reasons discussed above, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional arguments.  *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted*); Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED**, Plaintiff's Motion to Consider New Evidence (ECF No. 23) is **DENIED AS MOOT**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE